

# The Attorney General of Texas

July 26, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-3701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jerry Cobb
District & County Attorney
P. O. Box 718
Denton, Texas 76201

Opinion No. MW-33

Re: Whether a county is required to pay hospital bills of indigent residents at a joint city-county hospital.

Dear Mr. Cobb:

You have asked if Denton County is responsible for hospital care furnished to the resident indigents. The commissioners court has been asked by the City of Denton to pay the expenses of indigents treated at the joint city-county hospital organized pursuant to article 4494i-1, V.T.C.S. There is not a hospital district in the county.

By statute the commissioners court of each county is required to "[p]rovide for the support of paupers . . . , residents of their county, who are unable to support themselves. . . ." V.T.C.S. art. 2351, § 11. Support has been construed to include the delivery of medical services. Monghon & Sisson v. Van Zandt County, 3 Willson 240 (Tex. Civ. App. 1886). That court held that "support" as that term is used in article 2351 "means more than supplying them [paupers] with food and clothing and a house to stay in. It means all that is necessary to bodily health and comfort, and especially does it include proper care, attention and treatment during sickness." Under article 2351 the county must provide necessary medical care for its indigents. Attorney General Opinions H-703 (1975); C-293, C-246 (1964); S-126 (1954); see Attorney General Opinion V-608 (1948) (hospital aid to the indigent sick is paid from the county's general fund); V.T.C.S. art. 4438 (commissioners court shall provide for sending indigent sick to regular established public hospital in the county). Cf. art. 4487, V.T.C.S. (care and treatment of indigent patient admitted to county hospital shall be a "charge upon the county"). There are, however, procedures by which a "county" may contract with a city to assume or share expenses for the treatment of indigents. V.T.C.S. art. 4494i-1. It is our opinion that the County of Denton is liable for the expenses incurred in treating an indigent resident of the county at the joint city-county hospital.

Thus, absent a valid contractual arrangement under section 5 of article 4494l-1, V.T.C.S., it is our opinion that the County of Denton is liable for the expenses incurred in treating an indigent resident of the county at the joint city-county hospital.

## S U M M A R Y

Absent valid contractual arrangements Denton County is liable for the medical expenses incurred in the treatment of the county's resident indigents at the city-county hospital.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. PAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
James P. Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood